**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONALD FOSTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA VALVES TECHNOLOGY, INC., SIPING FANG, JIANBAO WANG, GANG WEI, RENRUI TANG, and ICHI SHI,<br><br>Defendants. | Case No. 1:11-CV-00796-LAK<br><br>"ECF" Case |
| GREG LONDON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA VALVES TECHNOLOGY, INC., et al.<br><br>Defendants. | Case No. 1:11-CV-01116-LAK<br><br>"ECF" Case |
| ELLIOT GREENBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA VALVES TECHNOLOGY, INC., et al.<br><br>Defendants. | Case No. 1:11-CV-01564-LAK<br><br>"ECF" Case |

**MOVANT BRISTOL INVESTMENT FUND, LTD.'S MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. LEGAL ARGUMENT ........ 3

A. Consolidation Is Appropriate ........ 3

B. BIF Should Be Appointed Lead Plaintiff ........ 3

1. Notice Was Properly Published Under The PSLRA ........ 3

2. Movant Should Be Appointed Lead Plaintiff ........ 4

a. Movant Has Moved For Appointment As Lead Plaintiff Within 60 Days Of Publication Of Notice ........ 5

b. Movant Has The Largest Financial Interest In The Relief Sought ........ 6

C. Movant Otherwise Satisfies The Requirements Of Fed. R. Civ. P. 23 ........ 8

1. The Claims of Movant Are Typical of the Claims of Other Members of the Class ........ 9

2. Movant Will Fairly And Adequately Represent The Interests Of The Class ........ 10

3. The Court should Approve BIF's Choice of Counsel ........ 11

III. CONCLUSION ........ 12

## TABLE OF AUTHORITIES

**Cases**

*Fischler v. Amsouth Bancorporation*, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ........... 9

Hart Holding Co. v. Drexel Burnham Lambert Group, Inc., 506 U.S. 1088 (1993) ........ 10

*Hurd v. Monsanto Co.*, 164 F.R.D. 234 (S.D. Ind. 1995) ................................................ 9

*In re Amb. Bus. Fin. Serv., Inc. Sec. Litig.*, 2004 WL 1221353 (E.D. Pa. 2001); ............. 6

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) .............................................. 5, 8, 10, 11

*In re Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189 (E.D.Pa. 2001) ............................. 6

*In re Flight Safety Tech., Inc. Sec. Litig.*, 231 F.R.D. 124 (D. Conn. 2005) ..................... 8

*In re Nice Systems Sec. Litig.*, 188 F.R.D. 206 (D. N.J. 1999) ....................................... 4

*In re Smith Barney Transfer Agent Litig.*, 2006 WL 991003 (S.D.N.Y. April 17, 2006) .... 8

I*n re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251 (C.D. Cal. 1988) ................................................................................ 10

*In re Vicuron Pharmaceuticals, Inc. Sec. Litig.*, 225 F.R.D. 508 (E.D. Pa. 2004) ............ 6

*In re Waste Management, Inc. Sec. Litig.*, 128 F.Supp.2d 401 (S.D. Tex. 2000) ............ 1

*Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457 (N.D. Cal. 1983) ................................................................................................ 10

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978) ............................ 10

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992)...................... 10

*Olsen v. New York Community Bancorp. Inc.*, 233 F.R.D. 101(E.D.N.Y. Aug. 9, 2005).. 8

*Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992) ....................................................... 9

*Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 (S.D.N.Y. July 1, 2005) ........................... 6

Movant Bristol Investment Fund, Ltd. ("Movant" or "BIF"), moves the Court for an order: (1) consolidating the above-styled and related actions; (2) appointing BIF as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "1934 Act" or the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (the "PSLRA"); (3) approving Movant's selection of the law firms of Federman & Sherwood and The Ball Law Firm LLP as Lead Counsel;[1] and (4) granting such other relief as the Court may deem just and proper.

## I. INTRODUCTION

Pending before this Court are three (3) securities class action lawsuits brought by purchasers of the common stock of China Valves Technology, Inc. ("China Valves" or the "Company") against China Valves and certain of its present and former officers and directors: (1) *Foster v. China Valves Technology, Inc.*, Case No. 11-cv-796; (2) *London v. China Valves Technology, Inc.*, Case No. 11-cv-1116; and (3) *Greenberg v. China Valves Technology, Inc.*, Case No. 11-cv-1564. The Complaints allege that Defendants violated the federal securities laws by knowingly and/or recklessly disseminating false and misleading information about the nature, quality, and circumstances of the Company's major acquisitions, which inflated the market price of the Company's common stock during the period beginning January 12, 2010, through and including January 13, 2011 (the "Class Period"). Plaintiffs allege claims for violations of Sections

[1] The PSLRA permits any putative class member -- regardless of whether they have failed a complaint -- to move for appointment of lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Consequently, Movant is unable to identify those class members that may file competing motions and accordingly oppose this motion. Courts have held that defendants do not have standing to object to lead plaintiff motions. *See, e.g., In re Waste Management, Inc. Sec. Litig.*, 128 F.Supp.2d 401, 409 (S.D. Tex. 2000).

10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5. Specifically, the Complaints assert that China Valves and its officers and directors misrepresented the nature, circumstances, and related party nature of the Company's acquisitions of Able Delight (Changsha) Valve Co. and Shanghai Pudong Hanwei Valve Co., Ltd. The Complaints assert that Defendants concealed that both acquisitions involved payments to entities or persons that were related to management in violation of generally accepted accounting principles and SEC rules. The Complaints also allege that Defendants materially overstated the financial condition and business prospects of the acquired companies. As a result of these adverse disclosures the market price of the Company's common stock was inflated during the Class Period and the investors were damaged.

Movant is a suitable Lead Plaintiff and class representative in this action. Movant has satisfied the procedural requirements of the PSLRA. First, Movant is believed to be the moving class member or group of class members with the largest loss and the most appropriate Lead Plaintiff due to the size of its investments in China Valves common stock as well as its interest in the litigation. Movant suffered losses of $108, 678.48 as a result of its transactions in China Valves securities during the Class Period.[2] See Exhibits 1(A) and 1(B) to the Federman Declaration. Second, Movant satisfies the requirements of Fed. R. Civ. P. 23(a) Movant's claims are typical of those of the class. Movant will also adequately represent the class. Movant will actively participate in and

[2] Investor certifications and tables setting forth Movant's purchases and sales of China Valves common stock during and after the Class Period, and losses, are attached as Exhibits 1(A) and 1(B) to the Declaration of William B. Federman ("Federman Declaration").

vigorously pursue this case and has selected and retained Federman & Sherwood and The Ball Law Firm LLP to serve as Lead Counsel.

## II. LEGAL ARGUMENT

### A. Consolidation Is Appropriate

> Fed. R. Civ. P. 42(a) provides for the consolidation of actions involving a common question of law or fact:
>
> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Movant BIF asks this Court to consolidate the above-captioned related actions presently before the Court, as well as any other action now pending or hereafter filed in or transferred to this Judicial District as a class action on behalf of purchasers of China Valves shares which arise out of the same facts as alleged in the above-referenced actions. The class actions currently before the Court are ideally suited for consolidation pursuant to Rule 42, since they present virtually identical claims for relief based upon a single course of conduct.

### B. BIF Should Be Appointed Lead Plaintiff

#### 1. Notice Was Properly Published Under The PSLRA

On February 4, 2011, the Rosen Law Firm, P.A., the law firm that filed the initial lawsuit, filed a notice pursuant to Section 21D(a)(3)(A)(i) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(A)(i) over a national newswire, *Businesswire*, advising putative members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the issuance of the notice. *See* Exhibit 1(C) to the Federman Declaration. The notice is sufficient and satisfies the requirements of Section

21D(a)(3)(i) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(i). *See Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996). National wire services have consistently been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, *4 (N.D. Ill. Aug. 11, 1997); *In re Nice Systems Sec. Litig.*, 188 F.R.D. 206, 215 (D. N.J. 1999); *Greebel*, 939 F. Supp. at 62-64.

**2. Movant Should Be Appointed Lead Plaintiff**

The PSLRA, which became law December 22, 1995, amended the Exchange Act by adding new sections specifically addressing various matters relating to private lawsuits brought thereunder. Specifically, the PSLRA establishes a procedure for the appointment of a "Lead Plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." §21D(a)(1), 15 U.S.C. §78u-4(a)(1).

The PSLRA provides that the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. §21D(a)(3)(A)(i), 15 U.S.C. §78u-4(a)(3)(A)(i). The first such notice here was published on February 4, 2011, which was the same day the first Complaint was filed. *See* Exhibit 1(C) to the Federman Declaration.

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the court shall consider

any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." §21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(B) (i).

The PSLRA directs the courts to presume, when appointing lead plaintiffs pursuant to this statute, that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];
>
> (bb) in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I), 15 U.S.C. §78u-4(a)(3)(B) (iii)(I). The moving class member or group of class members with the largest financial stake in the litigation and who otherwise satisfies the requirements of Fed. R. Civ. P. 23(a), is the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LeBranche & Co., Inc.*, 229 F.R.D. 395 (S.D.N.Y. 2004). As discussed below, Movant satisfies each of the criteria set forth above and is entitled to the presumption set forth in §21D(a)(3)(B)(iii)(I) of the Exchange Act (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)) that it is the most adequate plaintiff.

**a. Movant Has Moved For Appointment As Lead Plaintiff Within 60 Days Of Publication Of Notice**

Movant has moved within the statutory 60-day period of the initial PSLRA notice of this lawsuit. This Motion contains the required certification setting forth, *inter alia*,

Movant's transactions in China Valves securities during the Class Period, and indicates that Movant has reviewed the Complaint filed in this action and is willing to serve as the representative party on behalf of the class. *See* Exhibit 1(A) to Federman Declaration. Accordingly, Movant has satisfied this prong of the PSLRA's lead plaintiff criteria.

**b. Movant Has The Largest Financial Interest In The Relief Sought**

Section 21D(a)(3)(iii)(I)(bb) of the PSLRA defines the most adequate plaintiff (presumptively) as the "person or group of persons" that, among other things, has "the largest financial interest in the relief sought by the class." §15 U.S.C. 78u-4(a)(3)(I)(bb). Courts have determined the largest financial interest by looking to (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the Class Period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Pirelli*, 229 F.R.D. at 404. However, some courts have determined that the financial loss is the most significant factor in determining the person or group of persons with the largest financial interest in the relief sought. *In re Vicuron Pharmaceuticals, Inc. Sec. Litig.*, 225 F.R.D. 508, 510 (E.D. Pa. 2004); *see e.g., In re Amb. Bus. Fin. Serv., Inc. Sec. Litig.*, 2004 WL 1221353 (E.D. Pa. 2001); *In re Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189 (E.D.Pa. 2001); *see Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 at *2 (S.D.N.Y. July 1, 2005) (appointing lead plaintiff based on largest claimed losses).

Section 21D(e)(2) of the PSLRA provides that a plaintiff's recoverable losses in any securities fraud class action shall be measured as:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after

> dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

§15 U.S.C. 78u-4(e)(2). If a plaintiff does not sell his securities within the 90-day period immediately following dissemination to the market of the information correcting the omissions and misstatements, its losses are measured as follows:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. §78u-4(e)(1).

Under the above calculation, BIF has suffered net losses of $108, 678.48 from its purchases of China Valves common stock during the Class Period. *See* Exhibits 1(A) and 1(B) to the Federman Declaration. As of this filing, Movant is unaware of any motion for appointment as lead plaintiff by a class member that claims to have sustained greater financial losses in connection with the purchase and sale of China Valves common stock during the Class Period.  Nor has Movant received any notice that any potential applicant has greater financial losses resulting from purchases of China Valves stock during the Class Period.

BIF believes that it has sustained a greater financial loss in connection with the purchase and sale of China Valves's common stock during the Class Period than any competing Lead Plaintiff Movant. Accordingly, BIF has satisfied this prong of the PSLRA's prerequisites for appointment as Lead Plaintiff. Moreover, Movant BIF is an institutional investor. The PSLRA favors the selection of institutional investors as lead plaintiff. *In re Smith Barney Transfer Agent Litig.*, 2006 WL 991003, *2 (S.D.N.Y. April

17, 2006); *Olsen v. New York Community Bancorp. Inc.*, 233 F.R.D. 101, 107 (E.D.N.Y. Aug. 9, 2005) ("Many courts have interpreted the PSLRA to favor institutional investors serving as lead plaintiff."); *In re Flight Safety Tech., Inc. Sec. Litig.*, 231 F.R.D. 124, 131-32 (D. Conn. 2005) (noting institutional investor brings knowledge and resources to the case).

**C. Movant Otherwise Satisfies The Requirements Of Fed. R. Civ. P. 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics and/or qualifications of the class representative. Accordingly, in adjudicating a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Fed. R. Civ. P. 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Pirelli*, 229 F.R.D. at 411-12; *In re Cavanaugh*, 306 F.3d at 730; *see, e.g.,*

*Lax*, 1997 WL 461036, at *6; *Fischler v. Amsouth Bancorporation*, 1997 WL 118429, *2 (M.D. Fla. Feb. 6, 1997). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff in this action.

### 1. The Claims of Movant Are Typical of the Claims of Other Members of the Class

Rule 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (*quoting De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)), *cert. denied*, 506 U.S. 1051 (1993)). Furthermore, factual variations among the claims of the class representatives and class members will not defeat "typicality":

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente*, 713 F.2d at 232 (citations omitted); *see also Hurd v. Monsanto Co.*, 164 F.R.D. 234, 239 (S.D. Ind. 1995).

Movant's claims are typical of, if not identical to, the claims of the other members of the class. Here, Movant: (1) purchased China Valves common stock during the Class Period at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (2) was damaged by the alleged fraud. Thus, Movant's claims meet the typicality requirement, since questions of liability

are common to all class members. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citations omitted), *cert. dismissed sub nom.*, *Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993).

**2. Movant Will Fairly And Adequately Represent The Interests Of The Class**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.,* 122 F.R.D. 251, 257 (C.D. Cal. 1988); *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457, 464 (N.D. Cal. 1983). So long as the Movant with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job. *Pirelli*, 229 F.R.D. at 411-12. Once the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff, instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job. *In re Cavanaugh*, 306 F.3d at 732 and n.10. Movant will fairly and adequately represent the class.

First, counsel for the class is well-qualified. Movant has retained counsel with considerable experience in the prosecution of class action and federal securities law

claims. *See* Federman & Sherwood resume attached as Exhibit 1(D) and The Ball Law Firm LLP resume attached as Exhibit 1(E) to the Federman Declaration.

Second, there are no potential conflicts between Movant and the interests of the absent class members. Movant's claims are typical of the claims of the rest of the class. All investors are aligned in the common interest of recovering their damages from Defendants. Movant has indicated that it will protect the interests of the class, as reflected in Movant's investor certifications. *See* Exhibit 1(A) to Federman Declaration. Moreover, having suffered the largest financial loss of all class members seeking to be appointed lead plaintiff in the action, Movant has a strong incentive to pursue this action vigorously on behalf of the entire class.

In short, Movant would adequately represent the putative class. Consequently, Movant meets the requirements of Section 21D(a)(3)(B)(iii)(I)(aa)-(cc) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(aa)-(cc), and should be appointed as Lead Plaintiff in this action.

**3. The Court should Approve BIF's Choice of Counsel**

Pursuant to PSLRA §21D(a)(3)(B)(v), 15 U.S.C. §78u-4(a)(3)(B)(v), a lead plaintiff applicant shall, subject to court approval, select and retain counsel to represent the class. The inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff. *In re Cavanaugh*, 306 F.3d at 733. It is lead plaintiff and not the court that selects counsel. *Id*. at 31-33. Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the court. *See id*. Movant has selected and retained Federman & Sherwood and The Ball Law Firm LLP as Lead Counsel. Federman & Sherwood and The Ball Law Firm LLP possess extensive experience in the

areas of securities and other complex litigation. *See* Exhibits 1(D) and 1(E) to Federman Declaration. The Court can be assured that, in the event this Motion is granted, the members of the class will receive quality legal representation. Accordingly, the Court should approve Movant's selection of Lead Counsel.

## III. CONCLUSION

For the reasons set forth above, the Court should: (1) consolidate the actions referenced in the instant captions; (2) appoint Bristol Investment Fund, Ltd. as Lead Plaintiff in this action; (3) approve Bristol Investment Fund, Ltd.'s selection of Federman & Sherwood and The Ball Law Firm LLP as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated: April 5, 2011

Respectfully submitted,

s/William B. Federman
William B. Federman (WBF9124)
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Fax: (405) 239-2112
wbf@federmanlaw.com

-and-

2926 Maple Ave., Suite 200
Dallas, TX 75201

Byron T. Ball
The Ball Law Firm LLP
10866 Wilshire Blvd. Suite 1400
Los Angeles, CA 90024
(310)446-6148
(310)441-5386 fax
btb@balllawllp.com
*Counsel for Movant Bristol Investment Fund, Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that on April 5, 2011, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

**Laurence Matthew Rosen**
**Phillip C. Kim**
The Rosen Law Firm P.A.
275 Madison Avenue
34th floor
New York, NY 10016
lrosen@rosenlegal.com
pkim@rosenlegal.com

*Attorneys for Plaintiff Donald Foster*

**Marc Ian Gross**
**Jeremy Alan Lieberman**
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY 10017
migross@pomlaw.com
jalieberman@pomlaw.com

**Patrick Vincent Dahlstrom**
Pomerantz Haudek Block Grossman & Gross LLP
One North LsSalle Street, Suite 2225
Chicago, IL 60602

**Lionel Z. Glancy**
**Michael Goldberg**
Glancy & Binkow, LLP
1801 Avenue of the Stars
Los Angeles, CA 90067
lglancy@glancylaw.com

**Howard G. Smith**
LAW OFFICES OF HOWARD G. SMITH
3070 Bristol Pike, Suite 112
Bensalem, PA 19020

*Attorneys for Plaintiff Greg London*

**Maya S Saxena**
**Joseph E. White III**
**Christopher Steven Jones**
**Lester R. Hooker**
Saxena White P.A.
2424 N. Federal Highway
Boca Raton, FL 33431
msaxena@saxenawhite.com
jwhite@saxenawhite.com
cjones@saxenawhite.com
lhooker@saxenawhite.com

**Curtis Victor Trinko**
Law Offices of Curtis V. Trinko, LLP
16 West 46th Street
7th Floor
New York, NY 10036
ctrinko@trinko.com

*Attorneys for Plaintiff Elliot Greenberg*

s/William B. Federman
William B. Federman