**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Timothy W. Brown, Esq. (TB 1008)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: tbrown@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| DONALD FOSTER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> CHINA VALVES TECHNOLOGY, INC., SIPING FANG, JIANBAO WANG, GANG WEI, RENRUI TANG, and ICHI SHI, <br><br> Defendants. | Case No.: 11-CV-0796 (LAK) <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE CARNAGGIO GROUP TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFF; AND APPROVE OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** |

-----------------------------------------------------------------X

| | |
|---|---|
| GREG LONDON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> CHINA VALVES TECHNOLOGY, INC., SIPING FANG, JIANBAO WANG, GANG WEI, RENRUITANG, and ICHI SHI <br><br> Defendants. | Case No.: 11-CV-1116 (LAK) <br><br> <u>CLASS ACTION</u> |

-----------------------------------------------------------------X

1

```
-----------------------------------------------------------X
```
| | |
|---|---|
| ELLIOT GREENBERG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 11-CV-1564 (LAK) |
| | CLASS ACTION |
| Plaintiff, | |
| vs. | |
| CHINA VALVES TECHNOLOGY, INC., SIPING FANG, JIANBAO WANG, GANG WEI, RENRUITANG, and ICHI SHI | |
| Defendants. | |

```
-----------------------------------------------------------X
```

Phillip Carnaggio, Thomas Whitby and David Hyatt ("Movant" or the "Carnaggio Group") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

    (1)    consolidating the above-captioned related actions;

    (2)    appointing the Carnaggio Group and its members as Lead Plaintiff for the class of all purchasers of the common stock of China Valves Technology, Inc. ("China Valves", or the "Company") during the period between January 12, 2010 and January 13, 2011, inclusive (the "Class Period"); and

    (3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

China Valves is a Nevada Corporation with its principal executive offices in the People's Republic of China. China Valves, through its operating subsidiaries, purports to engage in the

manufacturing and selling low medium and high-pressure metal valves for customers in China. At all relevant times herein, the Company's common stock was actively traded on the NASDAQ under ticker "CVVT."

On February 4, 2011, the Rosen Law Firm, P.A. commenced the first of these putative securities actions against China Valves and certain of its present and former officers and directors seeking remedies under Sections 10(b) and 20(a) of the Exchange Act. That same day, the Rosen Law Firm, P.A. issued a PSLRA early notice advising class members that they had 60 days from that date to seek appointment as lead plaintiff in the action. *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1.

On February 17, 2011 and March 8, 2011 nearly identical cases were filed in the Court, entitled *Greg London v. China Valves Technology, Inc., et al.*, No. 11-CV-1116 (LAK) and *Greenberg v. China Valves Technology, Inc.*, No. 11-CV-1564 (LAK), respectively. These two related actions assert the same claims against the same defendants and the same class period, as the first-filed action.

The actions allege that Defendants misrepresented the nature, circumstances, and related party nature of China Valves' acquisitions of Able Delight (Changsha) Valve Co. and Shanghai Pudong Hanwei Valve Co., Ltd. The actions assert that Defendants concealed that both acquisitions involved payments to entities or persons that were related to management in violation of Generally Accepted Accounting Principles and SEC rules. The complaints also allege that Defendants materially overstated the financial condition and business prospects of the acquired companies. When the market learned of this adverse information, the price of China Valves stock dropped damaging investors.

**ARGUMENT**

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege identical class periods, and the same factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements. Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

**II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the

latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the Carnaggio Group and its members satisfy all of these criteria and thus entitled to the presumption that the Group is the most adequate plaintiff of the class, and that the Group, as a result, should be appointed Lead Plaintiff.

### A. Carnaggio Group is Willing to Serve as Class Representative

Each of the members of the Carnaggio Group has filed the instant motion and submitted certifications attesting each members' willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial.  *See* Kim Decl., Ex. 2.  Accordingly, the Skeway Group and each of its members satisfy the first requirement to serve as Lead Plaintiff for the Class.

### B. Carnaggio Group Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief

5

sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Mr. Carnaggio purchased 6,000 shares of China Valves stock during the Class Period at a cost of $64.535.00. He still holds these shares, thereby suffering an approximate loss of $26,435.[2] *See* Kim Decl., Ex. 3.

Mr. Whitby purchased 8,000 shares of China Valves stock during the Class Period at a cost of $74,589.31. He sold those shares for proceeds of $53,600, thereby suffering an approximate loss of $20,989.31.

Mr. Hyatt purchased 3,100 shares of China Valves stock during the Class Period at a cost of $31,752.79. He sold those shares for proceeds of $12,839, thereby suffering an approximate loss of $18,913.79.

With total losses of $66,338.10, the Carnaggio Group and each of its members satisfy the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

[2] In determining losses for held shares, Movant uses the average daily closing price of the Company's stock after the end of the Class Period to April 4, 2011 —the lookback price—which is $6.35. *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

### C. Carnaggio Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of Lead Plaintiff under the PSLRA." *Id.*, at 437; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Carnaggio Group and each of its members fulfill the requirements of Rule 23. Each of his claims share substantially similar questions of law and fact with the members of the class, and his claims are typical of those of the members of the class. The Carnaggio Group and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about China Valves acquisitions during the Class Period. The Group, as did all of the members of the class, purchased China Valves shares at prices artificially inflated by

Defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between the Group and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

### D. Carnaggio Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Carnaggio Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The Group's ability and desire to fairly and adequately represent the class have been discussed above, in Section C. The Group is not aware of any unique defenses that Defendants could raise against them that would render any of them inadequate to represent the class. Accordingly, the Court should appoint the Carnaggio Group as Lead Plaintiff for the class.

## III. CARNAGGIO GROUP'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

8

The Carnaggio Group has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiff's claims, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, the Carnaggio Group's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, the Carnaggio Group respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing the Group as Lead Plaintiff of the class; (3) approving the Group's selection of The Rosen Law Firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: April 5, 2011

        Respectfully submitted,

        **THE ROSEN LAW FIRM, P.A.**

           /s/ Phillip Kim
        Phillip Kim, Esq. (PK 9384)
        Laurence M. Rosen, Esq. (LR 5733)
        Timothy W. Brown, Esq. (TB 1008)
        275 Madison Avenue, 34th Floor
        New York, New York 10016

Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: tbrown@rosenlegal.com


[Proposed] Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 5th day of April, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim