UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DONALD FOSTER, Individually and on       :
Behalf of All Others Similarly Situated,  : Case No. 1:11-CV-00796-LAK
                                          :
Plaintiff,                                :
                                          : "ECF" Case
vs.                                       :
                                          :
CHINA VALVES TECHNOLOGY, INC.,            :
SIPING FANG, JIANBAO WANG,                :
 GANG WEI, RENRUI TANG,                   :
and ICHI SHI,                             :
                                          :
Defendants.                               :
_____ :

GREG LONDON, Individually and on          :
Behalf of All Others Similarly Situated,  : Case No. 1:11-CV-01116-LAK
                                          :
Plaintiff,                                :
                                          : "ECF" Case
vs.                                       :
                                          :
CHINA VALVES TECHNOLOGY, INC.,            :
et al.                                    :
                                          :
Defendants.                               :
: _____ :

ELLIOT GREENBERG, Individually and on:
Behalf of All Others Similarly Situated,  : Case No. 1:11-CV-01564-LAK
                                          :
Plaintiff,                                : "ECF" Case
                                          :
vs.                                       :
                                          :
CHINA VALVES TECHNOLOGY, INC.,            :
et al.                                    :
                                          :
Defendants.                               :
_____

SPRINGLINE ADVISORS'S MOTION FOR              WOLF HALDENSTEIN ADLER FREEMAN
APPOINTMENT AS  LEAD PLAINTIFF AND FOR         & HERZ LLP
APPROVAL OF ITS CHOICE OF COUNSEL;            750 B STREET, SUITE 2770
MEMORANDUM OF POINTS AND AUTHORITIES         SAN DIEGO, CA 92101
IN SUPPORT THEREOF                           TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599
CASE NO. C11-133 MJP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANT
SPRINGLINE ADVISORS LLC's
MOTION APPOINTMENT OF LEAD PLAINTIFF, AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

**P**laintiff Springline Advisors LLC ("Springline" or "Movants") hereby move this Court, under Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), for an order:  (i) appointing Springline as Lead Plaintiff in this action; and (ii) approving its choice of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel.

This motion is made on the grounds that the Springline is the "most adequate plaintiff," having sustained a collective estimated recoverable loss of approximately $500,000 as a result of the Defendants' conduct.[1]  In addition, Movants meet the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of class members' claims and they are willing and able to fairly and adequately represent the Class.  Finally, Movants have selected and retained a national law firm with substantial experience in prosecuting securities fraud class actions to serve as Lead and Liaison Counsel.

The motion is based on this Memorandum of Points and Authorities in support thereof, the Declaration of Thomas H. Burt in support thereof, the pleadings and other files herein, and such other written or oral argument as may be presented to the Court.

---

[1]     The losses suffered by Movants are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the certifications under Section 21D of the Exchange Act and based on information concerning the current market for China Valve common stock.  *See* Declaration of Thomas H. Burt in Support of  the Springline Advisors LLC's Motion for Appointment as Lead Plaintiff and Approval of Its Choice of Counsel (the "Burt Decl."), Ex. A.

SPRINGLINE ADVISORS'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   INTRODUCTION

Springline Advisors LLC ("Springline" or "Movant") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an Order: (i) appointing Movants as Lead Plaintiff in this action on behalf of investors that purchased shares of China Valve Technology Inc. ("China Valve" or the "Company") between January 12, 2010, through and including January 13, 2011 (the "Class Period"); and (ii) approving Movants' selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel.

Movant's motion should be granted. As is shown below, Movant's motion is timely as it is filed within 60 days of the first published notice of this class action litigation against Defendants China Valve Technology Inc. and its executives. Furthermore, Springline is the "most adequate plaintiff" within the meaning of 15 U.S.C. §78u-4(a)(3)(B) because it has the largest financial interest of any lead plaintiff movant in the relief sought by the proposed Class, and otherwise meet the requirements of Fed. R. Civ. P. 23(a). Finally, Movants' selection of Wolf Haldenstein as Lead Counsel should be approved, as this firm has substantial experience prosecuting securities class action litigation.

## II.   PROCEDURAL HISTORY

On January 24, 2011, the plaintiff in *Foster v. China Valve Technology Inc., et al.*, Case No. 1:11-CV-00796-LAK (the "*Foster* action"), filed the first of these related complaints on behalf of a class consisting of all persons who purchased or otherwise acquired the common stock of China Valve during the proposed Class Period. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 4, 2011, plaintiff in the *Foster* action

SPRINGLINE ADVISORS'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

- 3 -

published notice of the pendency of the action over a widely-available, national business-oriented newswire service, advising members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than April 5, 2011, or 60 days from the date of publication of the notice (the "Notice").  *See* Burt Decl., Ex. B.  Movants are filing this motion on April 5, 2011, within the 60-day period following publication of the February 4, 2011 notice given by plaintiff Foster.

## III.   STATEMENT OF FACTS[2]

Plaintiffs allege that Defendants violated the federal securities laws by knowingly and/or recklessly disseminating false and misleading information about the nature, quality, and circumstances of the Company's major acquisitions, which inflated the market price of the Company's common stock during the period beginning January 12, 2010, through and including January 13, 2011 (the "Class Period"). Plaintiffs allege claims for violations of Sections 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5. Specifically, the Complaints assert that China Valves and its officers and directors misrepresented the nature, circumstances, and related party nature of the Company's acquisitions of Able Delight (Changsha) Valve Co. and Shanghai Pudong Hanwei Valve Co., Ltd. The Complaints assert that Defendants concealed that both acquisitions involved payments to entities or persons that were related to management in violation of generally accepted accounting principles and SEC rules. The Complaints also allege that Defendants materially overstated the financial condition and business prospects of the acquired companies. As a result of these adverse disclosures the market price of the Company's common stock was inflated during the Class Period and the investors were damaged.

---

[2]     All facts are taken from the complaint in the *Foster* action.

SPRINGLINE ADVISORS'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

## IV.   LEGAL ARGUMENT

### A.   **Movant Should Be Appointed Lead Plaintiff**

#### 1.   The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the *Foster* action caused the Notice to be published on February 4, 2011. *See* Burt Decl., Ex. B. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

SPRINGLINE ADVISORS'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).  *See Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

### B.   The Notice Requirements Under The PSLRA Have Been Satisfied

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied.  On January 24, 2011, counsel for plaintiff Foster caused a notice to be published that advised purchasers of China Valve stock of (i) the pendency of a securities class action against defendants, (ii) the claims asserted, (iii) the purported Class Period in that litigation, and (iv) the right of any member of the purported Class to move the Court to serve as lead plaintiff within the 60-day period (by March 25, 2011).  *See* Burt Declaration Exhibit B.  *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 215-16 (D.N.J. 1999); *In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-63 (D. Mass. 1996).

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on March 25, 2011.  Pursuant to the provisions of the PSLRA and within the requisite sixty (60) days after the date on which the Notice was published (See 15 U.S.C. §78u-4(a)(3)(A)(i)(II)), Springline Advisors timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

### C.   Springline Advisors Has The Largest Financial Interest In The Relief Sought By The Class

Springline Advisors has "the largest financial interest in the relief sought by the class" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), which provides that the Court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

SPRINGLINE ADVISORS'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

- 6 -

During the Class Period, Movant sustained a collective estimated recoverable loss of approximately $500,000 as a result of Defendants' misconduct.  *See* Burt Decl., Ex. A. Movants therefore have a significant financial interest in this case and are presumed to be an appropriate lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B) (iii)(I).

### D.    Springline Advisors Satisfies The Requirements Of The PSLRA

Springline satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) (in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure.").  Rule 23(a) is satisfied for the purposes of this motion where (i) the claims of the proposed lead plaintiff are typical of the claims of the class and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the class.  *Armour*, 171 F. Supp. 2d at 1051.

Springline Advisors satisfies the "typicality" and "adequacy" requirements under Rule 23(a).  Under Rule 23(a)(3), the "typicality" requirement is satisfied where the claims of the proposed class representative arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representatives were injured by the same conduct.  *See Armour*, 171 F. Supp. 2d at 1052 (citing *Hannon v. Dataproducts. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed class representatives do not have interests antagonistic to the proposed class, and where the proposed class representatives have retained experienced and capable counsel.  *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002).

In this action, Springline Advisors's claims are typical of those claims belonging to all Class members.  Like all Class members, its members suffered damages from

SPRINGLINE ADVISORS'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

purchases of China Valve stock that took place while Defendants made false and misleading representations concerning the Company in violation of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a).  Furthermore, Springline Advisors's interests are clearly aligned with those of the members of the Class, and there is no evidence of any antagonism between its interests and those of the Class.

In addition, Springline Advisors has already demonstrated that it will adequately represent the interests of the Class by having obtained qualified and experienced counsel, and by submitting Plaintiff Certifications to the Court indicating that its members are willing to assume the responsibilities of a class representative.  All these factors demonstrate that Springline Advisors's claims are typical of the claims of the Class within the meaning of Rule 23(a)(3), and it will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

## V.      THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent.  In that regard, Movant has selected and retained Wolf Haldenstein to serve as Lead Counsel for the Class.  This firm has extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts. *See* Burt Decl., Exhibit D.

Because there is nothing to suggest that Movant or its counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Exchange Act – this Court should appoint Movant as Lead Plaintiff and approve their selection of Wolf Haldenstein as Lead Counsel for the Class.

SPRINGLINE ADVISORS'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

## VI.   CONCLUSION

For the foregoing reasons, Springline Advisors LLC requests thatthe Court:  (i) appoint it as Lead Plaintiff in this consolidated action; and (ii) approve Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel as Liaison Counsel for the Class.

DATED:  April 5, 2011                          Respectfully submitted

                                               WOLF HALDENSTEIN ADLER
                                                FREEMAN & HERZ LLP


                                               /s/ Thomas H. Burt_____
                                               Thomas H. Burt
                                               WOLF HALDENSTEIN ADLER
                                               FREEMAN & HERZ LLP
                                               270 Madison Avenue
                                               New York, New York 10016
                                               (212) 545-4600

                                               *Attorneys for Springline Advisors LLC and*
                                               *Proposed Lead Counsel*

SPRINGLINE ADVISORS'S MOTION FOR              WOLF HALDENSTEIN ADLER FREEMAN
APPOINTMENT AS  LEAD PLAINTIFF AND FOR         & HERZ LLP
APPROVAL OF ITS CHOICE OF COUNSEL;            750 B STREET, SUITE 2770
MEMORANDUM OF POINTS AND AUTHORITIES          SAN DIEGO, CA 92101
IN SUPPORT THEREOF                            TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599
CASE NO. C11-133 MJP